**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ROBERT R. WALKER,** ) | |
| Plaintiff, ) | |
| vs. ) | No.  3:12-CV-2389-O-BH |
| ) | |
| **SPENCER BEAL, et. al,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this action has been referred for pretrial management. Based on the relevant filings and applicable law, the plaintiff's Fair Housing Act and tax fraud claims should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2), his Americans with Disabilities Act claim should be **DISMISSED** without prejudice under Rule 41(a), and any remaining state law claims should be **DISMISSED** without prejudice.

**I.  BACKGROUND**

On July 17, 2012, Robert Walker (Plaintiff) sued Spencer Beal, Excelon Commercial Service, Evans Russell Homes, Eddie Finegan, and Jerry Butte (collectively Defendants) for alleged violations of the Fair Housing Act and the Americans with Disabilities Act; tax fraud; violations of various Texas state statutes; breach of contract, the covenant of good faith, and fiduciary duty; intentional infliction of emotional distress; defamation; fraud; conversion; tortious interference; and negligent misrepresentation. (*See* Complaint (Compl.)).  Plaintiff essentially claims that he entered into a contract with Beal to purchase, rehabilitate, and sell homes located near Lake Tawakoni, Texas; that together they formed Evans Russell Homes; that Plaintiff negotiated sale contracts on homes and worked to remodel them while living in one as part of the agreement; that Beal, Finnegan, and Butte removed him from the property and confiscated his property in June 2012; and that Beal ousted him from the company because Plaintiff had recently revealed that he was a

recovering alcoholic and a convicted felon. (Magistrate Judge's Questionnaire Answer (MJQ Ans.) 1). He seeks monetary damages and declaratory relief. (MJQ Ans. 1).

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis* (see doc. 5), his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

## III. FAIR HOUSING ACT CLAIM

Plaintiff claims that Beal, Evans Russell Homes, and Excelon Commercial Service discriminated against him in violation of the Fair Housing Act (FHA), 42 U.S.C. §§ 3604(f) and 3617, because of his past alcoholism and drug addiction. (MJQ Ans. 1, 2).

Section 3604(f) of the FHA prohibits discrimination in the sale or rental of a dwelling to any buyer or renter, or against any person in the terms, conditions, privileges, or provision of services or facilities in connection with the sale or rental, because of a handicap of the buyer or renter or any person associated with the buyer or renter. Section 3617 makes it unlawful to coerce, intimidate,

threaten, or interfere with any person in the exercise or enjoyment of his rights under the FHA. A handicap means a physical or mental impairment that substantially limits one or more of major life activities, with a record of the impairment and being regarded as having the impairment. *See* 42 U.S.C. § 3602(h).

The purpose of the relevant sections of the Act is to prohibit discrimination in the national housing market for handicapped individuals. *See Groome Resources Ltd. v. Parish of Jefferson*, 234 F.3d 192, 200-01 (5th Cir. 2000). To assert a *prima facie* claim under § 3604(f), a plaintiff must prove that 1) he is a member of a protected class; 2) he applied for and was qualified for the housing; 3) he was rejected; and 4) the housing remained available to other similarly situated individuals. *Petrello v. Prucka*, 2012 WL 3139561, *2 (5th Cir. Aug. 2, 2012); *citing Lindsay v. Yates*, 498 F.3d 434, 438-39 (6th Cir. 2007); *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). A violation may be established by either proof of discriminatory intent or a showing of significant discriminatory effect. *Simms v. First Gibraltar Bank*, 83 F.3d 1546, 1555 (5th Cir. 1996).

Here, assuming for purposes of screening that Plaintiff can establish that his past and current drug and alcohol addiction is a disability as defined by the FHA,[1] he has still failed to allege that he applied to rent or buy housing, or that he was qualified to rent or buy and was rejected. Plaintiff claims he was a partner in a business that bought houses to renovate and re-sell. As a partner, he negotiated sales with third parties, and in some situations deeded properties to the partnership, and he was the general contractor for the renovations. (MJQ Ans. 1). Plaintiff did not attempt to rent or purchase housing from any of the defendants. He complains that they breached the partnership

---

[1] The Fifth Circuit has not addressed this issue. The Second Circuit has found that alcoholism and drug addiction are impairments under the FHA's definition of disability, but that mere status as an alcoholic or substance abuser does not necessarily imply a limitation as required by the second part of the definition. *See Regional Econ. Comm. Action Prog., Inc. v. City of Middletown*, 294 F.3d 35, 46-47(2d Cir. 2002).

contract because of his history of addiction and felony conviction. Plaintiff has failed to state a viable claim under the FHA against Beal, Evans Russell Homes, and Excelon Commercial Service.

## IV. ADA CLAIM

Plaintiff initially asserted that Defendants violated the Americans with Disabilities Act (ADA) by discriminating against him with respect to employment because of his disability. (Compl. at 10-11). He now seeks to withdraw his ADA claim. (MJQ, Ans. 5). Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an action by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Because no defendant had served an answer or a motion for summary judgment when Plaintiff stated his intent to withdraw this claim,[2] it should be dismissed without prejudice under Rule 41(a).

## V. TAX FRAUD CLAIM

Plaintiff claims that Defendants have committed tax fraud in violation of 26 U.S.C. §§ 7201-03 and 7206, and conspired to commit fraud against the United States in violation of 18 U.S.C. § 371. (Compl. at 11; MJQ Ans. 2).

There is no constitutional right to have someone criminally prosecuted, *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007). Furthermore, as a general rule, decisions whether to prosecute someone under federal law are not subject to judicial review. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995), *citing Wayte v. United States*, 470 U.S. 598, 607 (1985). Plaintiff has therefore failed to state a viable claim under these statutes.

---

[2]Service was expressly withheld pending completion of judicial screening as provided by 28 U.S.C. § 1915(e)(2) in this *pro se in forma pauperis* action. (*See* doc. 5.) The defendants filed an answer on September 11, 2012, after Plaintiff filed his answers to the questionnaire stating that he wished to withdraw his claim. (*See* doc. 10.)

4

## VI. STATE LAW CLAIMS

Plaintiff also asserts numerous state law claims, including claims that Defendants violated various Texas statutes, breached contracts and fiduciary duty, committed fraud, and committed various torts. (MJQ Ans. 1).

Federal courts may exercise supplemental jurisdiction over state claims in any civil action in which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When a court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986).

Because Plaintiff's federal claims are subject to dismissal, his state law claims should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## VII. RECOMMENDATION

Plaintiff's Federal Housing Act and tax fraud claims should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2), and his ADA claim should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a). The Court should decline to exercise supplemental jurisdiction over any state claims, and these claims should be **DISMISSED** without prejudice to Plaintiff pursuing them in state court.

**SIGNED this 17th day of September, 2012.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE